IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3127-FL

| | | |
|---|---|---|
| DON T. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SERGEANT ARTURO ANDINO; | ) | |
| OFFICER NATHAN MCMILLAN, and | ) | |
| OFFICER KEITH ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for summary judgment (DE # 13) pursuant

to Federal Rule of Civil Procedure 56 filed by defendants Officer Nathan McMillan ("McMillan")

and Keith Anderson ("Anderson"), to which plaintiff responded. Also before the court is plaintiff's

motion to appoint counsel (DE # 17). Defendants did not respond to plaintiff's motion. In this

posture, the issues raised are ripe for adjudication. For the following reasons, the court grants

defendants' motion, but denies plaintiff's motion.

## STATEMENT OF THE CASE

On July 21, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against

McMillan and Anderson as well as Officer Arturo Andino ("Andino"). Plaintiff alleged defendants

acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the

United States Constitution.

On March 31, 2011, the Clerk of Court notified plaintiff that he failed to obtain service on

Andino within one hundred twenty (120) days pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff did not respond to the Clerk's notice, and Andino subsequently was dismissed from this action without prejudice.

On April 8, 2011, McMillan and Anderson filed a motion for summary judgment, arguing that they did not violate plaintiff's constitutional rights. McMillan and Anderson also assert the defense of qualified immunity. Plaintiff responded to the motion for summary judgment.

## STATEMENT OF FACTS

The undisputed facts are as follows. On April 3, 2010, plaintiff, an inmate housed in the intensive control unit ("I-CON") at Central Prison, slipped and fell while exiting the shower. Nearby officers witnessed plaintiff's fall and attempted to assist him to his feet. Plaintiff informed the officers that their attempts to move him caused pain.

Andino, McMillan, and Anderson subsequently responded to assist plaintiff. Plaintiff informed Andino and McMillan that he could not get up. Andino asked Anderson to retrieve a wheelchair from the nursing station. Andino and McMillan then lifted plaintiff under his arms and brought him to a standing position. Plaintiff states that, as he was being lifted, something in his back popped, causing a sharp pain from his back to his neck. Plaintiff states that he yelled in pain. Defendants, however, dispute that plaintiff yelled in pain or that plaintiff expressed any verbal indication of pain.

When Anderson returned with the wheelchair, plaintiff was assisted into the wheelchair and placed in a holding cell. McMillan and Anderson then escorted plaintiff to the nurse's station.

At the nurse's station, plaintiff completed a written statement about his fall in the shower, but did not state that McMillan or Anderson caused any injury. Answ. Ex. B p. 9. The nursing staff treated plaintiff for his injuries.

2

## DISCUSSION

A.    Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.    Motion for Summary Judgment

1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

3

fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587
(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party
for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

McMillan and Anderson assert the defense of qualified immunity. Government officials are
entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly
established statutory or constitutional rights of which a reasonable person would have known."
Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials
"where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The
test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id.
at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been
> violated on the facts alleged. Next, assuming that the violation of the
> right is established, courts must consider whether the right was clearly
> established at the time such that it would be clear to an objectively
> reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect
to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly
established is whether it would be clear to a reasonable officer that his conduct was lawful in the
situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v.
Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two--prong test
to analyze first. Pearson, 555 U.S. at 241.

The court first addresses whether McMillan or Anderson violated plaintiff's constitutional
rights by acting with deliberate indifference to his medical needs. To state a claim for relief under

4

the Eighth Amendment of the United States Constitution, a plaintiff must establish that a prison official was deliberately indifferent to a serious condition, medical need, or risk of harm. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

The court begins with the objective prong of the Eighth Amendment test. Plaintiff was diagnosed with a potential paralumbar muscle spasm and/or soft tissue injury as a result of the events of April 3, 2010.[1] Leach[2] Aff. ¶ 12. The evidence in the record, however, indicates that this injury was not serious in nature. Specifically, the April 3, 2010, treating clinician noted that plaintiff was able to get onto the examination table with assistance, ambulate normally, and exit the examination table without assistance. Id. ¶ 11. The clinician further noted that plaintiff walked with a steady uninterrupted gait when leaving the examination room. Id. Finally, plaintiff's medical records

---

[1] Plaintiff also was diagnosed with a thoracolumbar dextroscoliosis. Leach Aff. ¶ 13. Thoracolumbar dextroscoliosis is a mild form of scoliosis or curvature of the thoracolumbar area of the spine in the back. Id. This is a genetic condition. Id.

[2] Stephanie Leach ("Leach") is employed by the North Carolina Department of Correction as a Nurse Supervisor III. Leach Aff. ¶ 3. Leach submitted an affidavit in support of the pending motion for summary judgment.

reflect that shortly after the accident, on April 15, 2010, plaintiff arrived at a medical appointment from the "rec yard," where he was engaging in physical activity or exercise. Id. ¶ 18.

In addition to being minor in nature, the record supports a finding that plaintiff's injury was caused by his fall in the shower, and not any action by McMillan or Anderson. Id. ¶ 14. For instance, plaintiff's medical records reflect that he did not complain of any "popping" to medical staff. Id. ¶ 11. Further, plaintiff did not complain about any action of McMillan or Anderson in the written statement that he executed at the nurse's station. Answ. Ex. B p. 9; Leach Aff. Ex. A-1 at 45. Finally, plaintiff did not complain to McMillan or Anderson that any officer caused his injury. Anderson Aff. ¶ 14; McMillan Aff. ¶ 14. Based upon the foregoing, the court finds that plaintiff has not established that he received a serious injury from the actions of McMillan or Anderson on April 3, 2010, sufficient to satisfy the objective prong of the Eighth Amendment test.

The court now considers the second prong of the Eighth Amendment test–whether defendants acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Here, the evidence in the record reflects that McMillan and Anderson are corrections officers, and not medical professionals with medical training. The record further reflects that McMillan and Anderson were following orders and acting pursuant to operating procedure in assisting and transporting plaintiff, an inmate on I-CON status, to receive medical care. McMillan Aff. ¶¶ 7, 8.

6

The aforementioned facts do not support the conclusion that McMillan or Anderson acted with the very purpose of causing harm to plaintiff or with knowledge that harm would result. Plaintiff has not presented any evidence to the contrary. Rather, at most, plaintiff's allegations against McMillan and Anderson could be construed as negligence. However, negligent acts are not sufficient to establish a constitutional violation. See Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Therefore, plaintiff has not established the subjective element of his Eighth Amendment deliberate indifference claim.

Plaintiff fails to satisfy either the objective or the subjective prong of the Eighth Amendment test. Accordingly, there is no constitutional violation. Thus, McMillan and Anderson are entitled to qualified immunity for plaintiff's claim, and their motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by McMillan and Anderson (DE # 13) is GRANTED, and plaintiff's motion to appoint counsel (DE # 17) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of February, 2012.

Louise W. Flanagan

LOUISE W. FLANAGAN
United States District Judge

7